IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY SAMAS, | : | CIVIL ACTION NO. **1:CV-12-2619** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| ACTING WARDEN KRULESIE, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I. Procedural Background.**

On December 31, 2012, Petitioner Ricky Samas, an inmate at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill"), Minersville, Pennsylvania, filed, *pro se*, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner's typed habeas petition consists of thirty three pages. Petitioner also filed a Motion to proceed *in forma pauperis*. (Doc. 4). We directed the Warden at FCI-Schuylkill to submit a copy of Petitioner 's BOP Inmate Account Statement for the past six months, and it was filed on February 4, 2013. (Doc. 6). On February 6, 2013, Petitioner paid the filing fee. (Doc. 7). Thus, we will recommend that the Court dismiss Petitioner's Motion to proceed *in forma pauperis* as moot.

Named as sole Respondent in this habeas petition is FCI-Schuylkill Acting Warden Krulesie.[1]

The habeas petition has not yet been served on Respondent for a response.

---

[1]Petitioner named the correct Respondent, Acting Warden Krulesie. Since this action is a §2241 habeas petition, and since Petitioner is presently confined at FCI-Schuylkill, the Warden at this prison is the proper Respondent. *See* 28 U.S.C. § 2242 and § 2243. Petitioner correctly filed his Habeas Petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

We now give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (applicable to § 2241 petitions under Rule 1(b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[2] We find that the Court should dismiss Petitioner Samas' §2241 habeas petition for lack of jurisdiction since we find that a motion pursuant to 28 U.S.C. §2255 is his remedy. We find that a §2255 motion is Petitioner Samas remedy even though he recently filed a §2255 motion with the sentencing court (U.S. District Court for the District of Connecticut) on February 1, 2012, raising six claims which are the same claims he raises in his instant habeas petition, and even though Petitioner states that the District Court has not yet ruled on his §2255 motion.[3]

Petitioner challenges his 168-month federal sentence imposed in January 2010, by the U.S. District Court for the District of Connecticut for the crime of possession with intent to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). In his §2241 habeas petition, Petitioner claims that the Indictment filed against him should be dismissed for lack of jurisdiction since no criminal complaint was filed against him. In the alternative, Petitioner claims that his federal sentence should be vacated and, that he should be re-sentenced *sans* the four criminal history score and *sans* the gun enhancement of two points. Petitioner also claims that he

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[3]As more fully detailed below, Petitioner raises, in his present habeas petition, five ineffective assistance of trial counsel claims and one claim that he should be re-sentenced under the new amendments to the U.S. Sentencing Guidelines regarding crack penalties which raised the amount of cocaine necessary to trigger a 10-year minium sentence. (Doc. 1, pp. 11-12).

should be re-sentenced under the new amendments to the U.S. Sentencing Guidelines ("USSG") regarding crack penalties which he states raised the amount of cocaine necessary to trigger a 10-year minium sentence. (Doc. 1, p. 33).

## II. Factual Background.

Petitioner states that on April 16, 2009, a federal Grand Jury, in the U.S. District Court for the District of Connecticut, returned a three Count Indictment against him charging him with the crimes of possession with intent to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a felon, 18 U.S.C. §922(g)(1) and §924(a)(2). (Doc. 1, p. 8). Petitioner was arrested on May, 1, 2009. On September 14, 2009, Petitioner entered into plea agreement with the Government in which he agreed to plead guilty to Count One of the Indictment, charging him with the crimes of possession with intent to distribute 50 grams or more of cocaine base (crack), and the Government agreed to dismiss the other two Counts against him.

On January 8, 2010, the U.S. District Court for the District of Connecticut imposed a 168-month prison sentence on Petitioner followed by 60 months of supervised release.[4] The judgment of sentence was entered on January 14, 2010. Petitioner states that in December 14, 2009, his trial attorney "entered a 'Memorandum in Aid of Sentencing,' which gave a scant objection to the enhancement of the gun mentioned in the (PSR) [Pre Sentence Report] of two points." (*Id.*, p. 8).

---

[4]We note that we obtained some of the background from Petitioner's criminal case which was not mentioned in his present habeas petition from the Civil Docket for Petitioner's §2255 motion he filed with the U.S. District Court for the District of Connecticut, *Samas v. U.S.*, 3-cv-00151.

Petitioner states that a notice of appeal regarding his judgment of sentence was not filed by his trial counsel (Attorney Kim P. Bonstrom) and that his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), representing that there were no meritorious issues which Petitioner could raised on appeal to the Second Circuit Court of Appeals. (*Id*., pp. 8-9). Thus, Petitioner states that his trial counsel sought to withdraw from his criminal case.

A review of the Government's May 31, 2012 response to Petitioner's §2255 motion reveals that Petitioner did in fact file a timely notice of appeal with the Second Circuit Court of Appeals on January 19, 2010. Then, on September 12, 2011, Petitioner's substitute appellate counsel filed a brief pursuant to *Anders*. On May 8, 2012, the Second Circuit Court of Appeals, in *U.S. v. Samas*, 10-197-cr, granted the motion to withdraw of Petitioner 's appellate counsel. Additionally, the Second Circuit Court of Appeals granted the motion of the Government to dismiss Petitioner's appeal since it found that Petitioner waived his right to appeal in his plea agreement. *See* Doc. 7, p. 1, *Samas v. U.S.*, 3-cv-00151, U.S. District Court for the District of Connecticut.

Petitioner correctly states that while his appeal and the *Anders'* brief filed by his counsel was pending with the Second Circuit Court of Appeals, he filed a §2255 motion to vacate and set aside his judgment of sentence with U.S. District Court for the District of Connecticut on February 1, 2012. Petitioner indicates that he raised six issues in §2255 motion which are the essentially the same six issues he raises in his present habeas petition. (Doc. 1, p. 9). The U.S. District Court for the District of Connecticut issued a Show Cause Order on February 6, 2012, directing the Government to respond to Petitioner's §2255 motion. Petitioner states that the District Court granted the Government an extension of time to respond and also directed the Government to

notify the Court when the Second Circuit Court of Appeals ruled on the request of Petitioner's counsel to withdraw from Petitioner 's case. Petitioner contends that the Government failed to notify the District Court that on May 8, 2012, the Second Circuit Court of Appeals granted the request of Petitioner's counsel to withdraw from Petitioner 's case. However, the Government's May 31, 2012 response to Petitioner's §2255 motion indicates that the Government clearly advised the District Court that on May 8, 2012, the Second Circuit Court of Appeals, in *U.S. v. Samas*, 10-197-cr, granted the motion to withdraw of Petitioner 's appellate counsel, and that the Second Circuit Court of Appeals granted the motion of the Government to dismiss Petitioner's appeal. *See* Doc. 7, p. 1, and Doc. 7-1, *Samas v. U.S.*, 3-cv-00151, U.S. District Court for the District of Connecticut.

Petitioner states that after he contacted the U.S. District Court for the District of Connecticut several times regarding his §2255 motion and when it would be decided, he received no definitive response. Thus, Petitioner filed a petition for writ of mandamus to force the U.S. District Court to perform its duties and rule on his motion to vacate, set aside, or correct his sentence under §2255. (Doc. 1, p. 9*)*. Petitioner states that despite his attempt to make the U.S. District Court rule on his §2255 motion, to date, the District Court has not decided his motion. Thus, Petitioner states that this renders §2255 "inadequate and ineffective" regarding his present claims. (*Id*., p. 10). As such, Petitioner then filed his instant §2241 habeas petition with this Court seeking to have his Indictment dismissed for lack of jurisdiction or to have his 168-month prison sentence vacated and to be re-sentenced with a lower criminal history score, with no two point gun enhancement and under the USSG amendments regarding crack penalties. As indicated above, the record in the U.S. District

Court for the District of Connecticut regarding Petitioner's §2255 motion shows that Petitioner's trial counsel did in fact challenge the imposition of the two level firearm enhancement in counsel's sentencing memorandum and during Petitioner's sentencing hearing. *See* Doc. 7, pp. 22-23, *Samas v. U.S.*, 3-cv-00151, U.S. District Court for the District of Connecticut. Indeed, Petitioner concedes this fact in his habeas petition. (Doc. 1, p. 8).

As noted, we have accessed the Civil Docket for Petitioner's §2255 motion he filed with the U.S. District Court for the District of Connecticut, *Samas v. U.S.*, 3-cv-00151. We take judicial notice of this Civil Docket from the U.S. District Court for the District of Connecticut. The Docket reveals that Petitioner did in fact file his §2255 motion on February 1, 2012, while his appeal to the Second Circuit Court of Appeals was pending, and that the Government filed its response to the motion on May 31, 2012. The Docket also shows that on August 20, 2012, Petitioner filed a renewed §2255 motion. Further, the Docket indicates that the U.S. District Court for the District of Connecticut has not yet ruled on Petitioner's §2255 motion.

Notwithstanding the fact that U.S. District Court for the District of Connecticut has not yet ruled on Petitioner's §2255 motion, we find that such a motion is Petitioner's exclusive remedy to raise his instant habeas claims.

As mentioned, Petitioner Samas filed the instant §2241 habeas petition on December 31, 2012. (Doc. 1). Petitioner is presently serving his 168-month federal sentence at FCI-Schuylkill. We shall recommend that the Petitioner Samas' §2241 habeas petition be dismissed for lack of jurisdiction since §2255 is Petitioner's remedy with respect to his instant claims.

**III. Habeas Claims.**

Petitioner raises six claims in his §2241 habeas petition. First, Petitioner claims that his trial counsel was ineffective for not objecting that the U.S. District Court for the District of Connecticut lacked jurisdiction over him and the Indictment filed against him because no criminal Complaint was filed against him. Second, Petitioner claims that his trial counsel was ineffective for not objecting that the U.S. District Court for the District of Connecticut lacked jurisdiction over him since the Grand Jury which indicted him failed to do so properly pursuant to Fed.R.Crim.P 6(c) and (f). Third, Petitioner claims that his trial counsel was ineffective for not objecting to the two point gun enhancement imposed by the U.S. District Court for the District of Connecticut. Fourth, Petitioner claims that his trial counsel was ineffective for not objecting "for Petitioner to sentencing 100 to 1." Fifth, Petitioner claims that he was "eligible for the USSG amendment which raised the amount of drugs of cocaine to trigger a 10 year minimum [sentence]." Finally, Petitioner claims that his trial counsel was ineffective for not objecting that the U.S. District Court for the District of Connecticut abused its discretion by allowing the incorrect criminal history score in the PSR. (Doc. 1, pp. 11-12).

Four of Petitioner's habeas claims deal with ineffective assistance of trial counsel for failing to raise issues regarding his sentencing, and two of his claims deal with the jurisdiction of the U.S. District Court for the District of Connecticut over his case to impose its judgment of sentence on him.

**IV. Discussion.**

As mentioned, a habeas petition may be summarily dismissed before it is served on Respondent for a response "when the petition is frivolous, or obviously lacking in merit, or where the necessary facts can be determined from the petition itself ... ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)("[T]he District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."), *cert. denied*, 400 U.S. 906, 91 S.Ct. 147 (1970).

We find that Petitioner Samas essentially raises claims in his instant §2241 habeas petition challenging his 168-month sentence imposed by the U.S. District Court for the District of Connecticut stating that his criminal offense score should have been 26 instead of 31. Petitioner also argues that he should not have received a 2-point firearm enhancement and that the amendment to the USSG, which raised the amount of crack from 50 grams to 280 grams to receive the a ten year mandatory minium sentence, should have been applied to his sentence. Therefore, Petitioner claims that his sentence should have been a minimum of five years.[5] Thus, Petitioner contends that his 168-month sentence was illegal and that his present confinement at FCI-Schuylkill is unlawful. As such, Petitioner requests as his habeas relief for this Court to vacate his judgment of sentence and order his release from BOP custody . Alternatively, Petitioner requests this Court to re-sentence him with the correct offense score (*i.e.*, 26) and, without a 2-point firearm

---

[5] Insofar as Petitioner Samas claims that the Fair Sentencing Act ("FSA") raised the amount of crack cocaine from 50 grams to 280 grams to trigger the mandatory minimum 10-year sentence, and that the FSA should be applied retroactively to him so that he receives the 5-year mandatory minimum sentence under the FSA , Doc. 1, p. 24, the Third Circuit has held the FSA has no retroactive effect. *See U.S. v. Reevey*, 631 F.3d 110, 114-15 (3d Cir. 2010).

8

enhancement and without the ten year mandatory minium sentence.

We do not find that Petitioner claims the drug crime to which he plead guilty is no longer considered criminal conduct. We find that Petitioner 's remedy with respect to his habeas claims is §2255 motion. As indicated, Petitioner Samas filed a §2255 motion on February 1, 2012, in the U.S. District Court for the District of Connecticut which is still pending. *See Samas v. U.S.*, 3-cv-00151, U.S. District Court for the District of Connecticut. Petitioner argues that since the U.S. District Court for the District of Connecticut has not yet decided his §2255 motion, this renders such motion as inadequate and ineffective. Thus, Petitioner maintains that he can satisfy the "safety valve" provided by §2255(e) to file his instant §2241 habeas petition. We do not agree with Petitioner.

Simply because Petitioner 's §2255 motion has not yet been ruled on by the U.S. District Court for the District of Connecticut for eight (8) months since it was fully briefed does not render such a motion as inadequate and ineffective for Petitioner to raise his instant claims. In fact, as mentioned, Petitioner Samas' habeas claims are essentially the same as his claims he raised in his §2255 motion which has not yet been decided. *See Samas v. U.S.*, 3-cv-00151, U.S. District Court for the District of Connecticut. Thus, Petitioner Samas has an opportunity to challenge his 168-month prison sentence. Moreover, even if the U.S. District Court for the District of Connecticut denies Petitioner Samas' §2255 motion, this does not render this motion as inadequate or ineffective for Petitioner to raise his present claims. *See Cradle v. United* States, 290 F.3d 536, 538-39 (3d Cir. 2002).

A federal prisoner generally must raise claims collaterally attacking his sentence through a §2255 motion. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner can seek relief under §2241 if a §2255 motion is inadequate or ineffective to test the legality of his confinement. *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002); *In re Dorsainvil*, 119 F. 3d 245, 249 (3d Cir. 1997). A §2255 motion is inadequate or ineffective to test the legality of a prisoner's confinement when he has been convicted and incarcerated for conduct no longer deemed to be criminal. *In re Dorsainvil*, 119 F. 3d at 251. As stated, Petitioner Samas does not contend that he is innocent of the narcotics offense for which he was convicted in the District of Connecticut or that there was an intervening change in the law that potentially made the drug offense for which Petitioner was convicted non-criminal. Rather, as discussed above, Petitioner Samas claims that his correct offense score was 26 and not 31, and that he should not have received a 2-point firearm enhancement and a ten year mandatory minium sentence. Petitioner also claims that the U.S. District Court for the District of Connecticut lacked jurisdiction over him. Petitioner's remedy with respect to all of his claims is his pending §2255 motion as evidenced by the fact that he has raised all of these claims in his §2255 motion. Thus, the exception described in *In re Dorsainvil* does not apply in Samas' case. *See Okereke*, 307 F.3d at 120(*Dorsainvil* holding is to be construed very narrowly); *In re Dorsainvil*, 119 F. 3d at 251.

Based on the above, we find that this Court is without jurisdiction to consider Petitioner Samas' § 2241 habeas petition. We find that Petitioner's recourse is to have the U.S. District Court for the District of Connecticut decide his pending §2255 motion and to then file an appeal with the Second Circuit Court of Appeals if he is not satisfied with the decision. Thus, Petitioner's

contentions that the U.S. District Court for the District of Connecticut lacked jurisdiction over him, that his correct offense score was 26 and not 31, that he should not have received a 2-point firearm enhancement and, that he should not have been subjected to a ten year mandatory minium sentence.  must be raised in a § 2255 motion.  Petitioner must seek his relief *via* that vehicle even though the U.S. District Court for the District of Connecticut has not yet decided his § 2255 motion. *Okereke, supra*.

Accordingly, we shall recommend that Petitioner Samas' habeas petition be dismissed for lack of jurisdiction without directing service of it on Respondent.

V. **Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Samas' Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 **(Doc. 1)** be dismissed, without directing service of it on Respondent, for lack of jurisdiction.  We also recommend that Petitioner's Motion to proceed *in forma pauperis* **(Doc. 4)** be dismissed as moot.


                                            s/ **Thomas M. Blewitt**
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**

**Dated: February 11, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY SAMAS, | : | CIVIL ACTION NO. **1:CV-12-2619** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| ACTING WARDEN KRULESIE, | : | |
| | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **February 11, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

    Failure to file timely objections may constitute a waiver of any appellate rights.

                    **s/ Thomas M. Blewitt**
                      **THOMAS M. BLEWITT**
                      **United States Magistrate Judge**

**Dated: February 11, 2013**